IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015


**STATE OF TENNESSEE v. YUELL FRANK REEVES**


**Appeal from the Criminal Court for Hamilton County**
**No. 183558, 183785, 183905      Rebecca J. Stern, Judge**

_____


**No. E2015-00031-CCA-R3-CD – Filed October 30, 2015**
_____


ROGER A. PAGE, J., concurring.


I agree with the majority that the summary dismissal in case number 183558 (May 1990 offense) should be affirmed. Viewing appellant's motion in the light most favorable to him, I also agree with the majority that appellant has presented a colorable Tennessee Rule of Criminal Procedure Rule 36.1 claim with respect to case numbers 183785 and 183905 (the June/July 1990 offenses) due to the trial court's concurrent, rather than statutorily-mandated consecutive, sentence alignment. *See* Tenn. Code Ann. § 40-20-111(b) (mandating consecutive sentence alignment when a defendant commits a felony while the defendant is released on bail and the defendant is convicted of both offenses).


While I agree with most of the reasoning employed by the majority and with the final result reached by the majority, I disagree with the majority's reasoning that if appellant's sentences for the June/July offenses have expired, Rule 36.1 fails to provide appellant an avenue of relief. Rule 36.1 contains no provision denying a defendant relief if the challenged sentence has expired. In fact, the plain language of Rule 36.1 states that a defendant "may, *at any time*, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. (emphasis added); *see also State v. Sean Blake*, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *2 (Tenn. Crim. App. Jan. 8, 2015) (quoting Tenn. R. Crim. P. 36.1(a)).


-1-

I concur with the majority that the trial court's judgment in case number 183558 (May 1990 offense) should be affirmed, and I concur that the trial court's summary dismissal in case numbers 183785 and 183905 (June/July 1990 offenses) should be reversed and remanded for further proceedings.

_____
ROGER A. PAGE, JUDGE